UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Malachi I. Yahtues

                    v.                                    Case No. 21-cv-533-SE
                                                          Opinion No. 2024 DNH 031
Old Colony Correctional Center et al.


ORDER

Pro se petitioner Malachi Yahtues brings a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state conviction and sentence. He alleges that his conviction pursuant to New Hampshire's Armed Career Criminal Act is no longer valid because a Massachusetts state court vacated his conviction for one of the underlying predicate offenses that formed the basis of that charge. The New Hampshire Supreme Court affirmed the superior court's order denying Yahtues's motion to vacate or set aside his sentence, concluding that Yahtues still qualified as an armed career criminal for the purpose of New Hampshire law even without the vacated conviction. Yahtues challenges that determination in his § 2254 petition, and the defendants move for summary judgment.


Standard of Review

A petitioner seeking habeas relief from a state court decision under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") faces a demanding burden. Cooper v. Bergeron, 778 F.3d 294, 299 (1st Cir. 2015). Under AEDPA, habeas relief "shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless" the petitioner shows that the decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or

"was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2); see also Bebo v. Medeiros, 906 F.3d 129, 134 (1st Cir. 2018).

To be deemed "contrary to clearly established federal law," a state court decision must "announce[ ] a rule of law that directly contradicts existing Supreme Court precedent or . . . reach[ ] a different result than the Supreme Court on materially indistinguishable facts." Cronin v. Comm'r of Prob., 783 F.3d 47, 50 (1st Cir. 2015) (citing Williams v. Taylor, 529 U.S. 362, 412–13 (2000)). An unreasonable application also occurs if "the state court identifies the correct governing legal rule . . . but unreasonably applies it to the facts of the particular state prisoner's case." White v. Woodall, 572 U.S. 415, 425 (2014) (quoting Williams, 529 U.S. at 407–08). "For purposes of § 2254(d)(1), an unreasonable application of federal law is different from an incorrect application of federal law." Harrington v. Richter, 562 U.S. 86, 101 (2011) (citation omitted). To merit a writ of habeas corpus, the petitioner must show that "the state court's ruling on the claim presented in federal court was so lacking in justification that there [is] an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Id. "The state court's ruling may be objectively reasonable even if the federal habeas court, exercising its independent judgment, would have reached a different conclusion." Gomes v. Silva, 958 F.3d 12, 20 (1st Cir. 2020) (citation omitted); see also Mitchell v. Esparza, 540 U.S. 12, 17 (2003) (per curiam) (holding that federal court sitting in habeas jurisdiction "may not overrule a state court for simply holding a view different from its own, when the precedent from [the Supreme] Court is, at best, ambiguous").

In assessing whether a state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented" under § 2254(d)(2), "the

fundamental principle of deference to [a state court's factual] findings still applies." Hensley v. Roden, 755 F.3d 724, 731 (1st Cir. 2014). A federal habeas court "may not characterize [challenged] state-court factual determinations as unreasonable merely because [it] would have reached a different conclusion in the first instance." Brumfield v. Cain, 576 U.S. 305, 313–14 (2015) (citation omitted). Additionally, under § 2254(e)(1), the federal court must presume that a state court's factual findings are correct unless the petitioner overcomes that presumption by providing "clear and convincing evidence."[1] 28 U.S.C. § 2254(e)(1).

With that framework established, the court turns to the defendants' motion for summary judgment. Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that "carries with it the potential to affect the outcome of the suit." French v. Merrill, 15 F.4th 116, 123 (1st Cir. 2021) (quotation omitted). A material fact is in genuine dispute if "a reasonable jury could resolve the point in the favor of the non-moving party." Id. The court construes the record in the light most favorable to the nonmoving party. Benson v. Wal-Mart Stores East, L.P., 14 F.4th 13, 17 (1st Cir. 2021). In considering a motion for summary judgment, the court may review materials cited in the motion and other materials in the record. Fed. R. Civ. P. 56(c)(1)(3).

## Background

On September 2, 2016, Yahtues was convicted and sentenced on a number of felony offenses in the Hillsborough County Superior Court, Northern District ("HCSC-ND"), pursuant

---

[1] The exact interplay between § 2254(d)(2) and § 2254(e) is unresolved. Quintanilla v. Marchilli, 86 F.4th 1, 17 (1st Cir. 2023)

to a plea agreement in a state criminal case, <u>State v. Yahtues</u>, No. 216-2014-CR-709 (HCSC-

ND). As part of the plea agreement, Yahtues pleaded guilty to being an Armed Career Criminal

("ACC"), for possessing a firearm after having been convicted of three or more qualifying

felonies.

New Hampshire's ACC statute, N.H. Rev. Stat. Ann. ("RSA") §  159:3-a, I, provides:

> No person who has been convicted of any combination of 3 or more felonies in
> this state or any other state under homicide, assault, sexual assault, arson,
> burglary, robbery, extortion, child sexual abuse images, or controlled drug laws,
> shall own or have in his or her possession or under his or her control, a pistol,
> revolver, rifle, shotgun, or any other firearm.

As is relevant to Yahtues's arguments in this case, the New Hampshire Supreme Court

("NHSC") has held that to be convicted under 159:3-a, a defendant must have "qualifying

convictions from three or more criminal episodes," rather than merely three qualifying felony

convictions. State v. Folds, 172 N.H. 513, 524 (2019).

During Yahtues's sentencing hearing before the HCSC-ND, the State proffered the

following with respect to Yahtues's status as an ACC:

> The final thing, I believe you need for the offer of proof, Your Honor, is the
> Defendant does have a criminal history. Among other things it does include -- it
> includes an assault and battery with a dangerous weapon, and an armed assault. It
> includes another assault with a dangerous weapon, an assault on a police officer,
> possession of Class B substances with intent to distribute; these are Massachusetts
> charges. Possession to distribute Class B substances, 2011 distributing controlled
> substances cocaine, certainly qualifying offenses for the armed career criminal
> statute.

Doc. no. 1-2 at 71-72. Yahtues and his counsel represented to the court that Yahtues understood

the charges, did not disagree with the State's offer of proof, and was making a knowing,

voluntary, and intelligent waiver of his rights. Id. at 82-90. The court sentenced Yahtues to a ten-

to-twenty-year prison term on the ACC charge, the mandatory minimum sentence for that

offense. See RSA 159:3-a, II.

In January 2019, a Massachusetts state court granted Yahtues's motion to vacate one of his prior drug convictions.[2] Doc. no. 18-3 at 54. On August 7, 2019, the District Attorney's Office entered a nolle prosequi for that charge. Id. at 55.

Yahtues subsequently filed a motion to vacate or set aside his sentence on the ACC charge in the HCSC-ND. He asserted that "because a prior conviction 'relied upon' by the State as a predicate conviction for the armed career criminal charge has been nolle prosequied by the Commonwealth of Massachusetts, his conviction on the armed career criminal offense must be vacated." Doc. no. 1-2 at 5. The superior court denied Yahtues's motion. The court noted that Yahtues and his counsel did not contest the prosecutor's listing of the prior convictions or indicate that they did not qualify as predicate offenses. Id. at 6. The court also stated that Yahtues had been provided in discovery with "certified copies of several convictions" from Massachusetts, as well as a "copy of his Massachusetts Criminal History compiled by the Commonwealth of Massachusetts, Department of Justice Information Services." Id. at 6. It concluded:

> The defendant was put on notice of the qualifying conviction[s] in the discovery provided. Defendant did not contest the sufficiency of the predicate offenses at his plea and sentencing hearing and, even without the one drug conviction which has been vacated by the Commonwealth of Massachusetts, there were sufficient additional offenses to establish 3 or more convictions for the offense of armed career criminal.

Id. at 7 (citation omitted).  Yahtues filed a motion to reconsider, which the court denied.

In June 2020, Yahtues appealed the orders denying his motion to vacate his sentence and for reconsideration to the NHSC. Yahtues argued "that the trial court erred by denying his

---

[2] Yahtues's post-conviction filings in state court, as well as his objection to the defendants' summary judgment motion, assert that the vacated conviction was for distributing controlled substances in 2011. See doc. no. 18-3 at 54; doc. no. 20 at 5.

motion to vacate because: (1) the State, in its offer of proof in the 2016 proceeding, did not

provide certified copies of the predicate prior convictions; and (2) one of the predicate

convictions was later vacated." Doc. no. 1-2 at 149.

The NHSC affirmed the superior court's "well-reasoned" orders. Id. The court stated:

> Although the defendant asserts that, without the vacated conviction, the predicate
> convictions did not arise from three or more criminal episodes, we disagree.
> Based upon the evidence before it, the trial court reasonably could have found
> that, even without the vacated conviction, the defendant's predicate convictions
> arose from three or more criminal episodes.

Id.

Yahtues then filed his petition for a writ of habeas corpus under § 2254 in this court. The

defendants move for summary judgment.


Discussion

As Magistrate Judge Johnstone stated in an earlier order in this case, Yahtues's petition

raises one ground for relief. Doc. no. 4 at 3.

> Specifically, Mr. Yahtues challenges whether his ACC sentence remains valid, as
> one of the Massachusetts convictions that served as a predicate offense underlying
> his ACC charge has since been nolle prosequied [sic], and thus no longer supports
> his ACC sentence. Because the remaining convictions upon which the State relied
> for his ACC charge stem from two criminal episodes, they amount to two
> offenses, and thus are insufficient to satisfy the ACC statute. Mr. Yahtues states
> that his incarceration pursuant to the ACC charge, therefore, violates his Fifth and
> Fourteenth Amendment due process rights.

Id. at 3-4.

The NHSC has not addressed whether a court's determination that a defendant's

qualifying convictions under RSA 159:3-a come from "three or more criminal episodes" is a

factual or legal question. Courts interpreting the federal Armed Career Criminal Act ("ACCA"),

18 U.S.C. § 924, on which RSA 159:3-a is modeled, see Folds, 172 N.H. at 526, have reached

different conclusions. Compare United States v. Griffin, 193 F. App'x 211, 214 (4th Cir. 2006) (concluding that under ACCA the "district court's conclusion that Griffin's previous convictions were for crimes committed on occasions different from one another is a question of law that we review de novo") with United States v. Martin, 526 F.3d 926, 938 (6th Cir.2008) (reviewing for clear error the district court's factual determinations as to whether "prior convictions are distinct criminal episodes"); see also United States v. Taylor, 413 F.3d 1146, 1157 (10th Cir. 2005) (suggesting that whether a defendant's convictions involved "multiple criminal episodes . . . . will generally be a mixed question of law and fact"). Regardless of whether Yahtues intended to argue that the NHSC's decision was contrary to clearly established federal law or based on an unreasonable determination of facts, his challenge fails.

At the plea hearing in the HCSC-ND, the State listed seven different felony convictions in support of Yahtues's status as an ACC. In its objection to Yahtues's motion to vacate his sentence in superior court, the State argued that Yahtues's status as an ACC was not affected by his vacated drug conviction. It asserted that Yahtues still had multiple felony convictions from at least four separate criminal episodes: 1) assault with intent to kill in Middlesex Superior Court in 1991, 2) assault with a dangerous weapon in Suffolk Superior Court in 1998, 3) assault with a deadly weapon in Roxbury District Court in 2007, and 4) possession with intent to distribute in Suffolk Superior Court in 2007. Doc. no. 18-3 at 57-58. The superior court and the NHSC determined that these convictions arose from at least three separate criminal episodes.

Yahtues has not shown that the NHSC's ruling was an "unreasonable determination of the facts." Although in his objection Yahtues characterizes his felony convictions as arising from only two criminal episodes, his representations are insufficient to show that the NHSC's

determination was "objectively unreasonable in light of the evidence presented in the state-court proceeding."[3] Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).

To the extent that Yahtues argues that the NHSC's decision was "contrary to clearly established federal law," his argument is unclear. Viewed generously, Yahtues's argument appears to be that the NHSC's determination that his remaining convictions arose from at least three separate criminal episodes was so unsupported that it violated both his Fifth Amendment due process rights and his Fourteenth Amendment equal protection rights. See doc. no. 20 at 8. He makes no persuasive argument in support of that contention.[4]

In his objection to the defendants' summary judgment motion, Yahtues raises other arguments, all of which appear to be predicated on his claim that he did not get fair notice of the criminal convictions on which the State relied to support his conviction under RSA 159:3-a. Yahtues did not raise that claim in his petition. Even if he had, however, such a claim would not entitle him to relief in this case. See generally United States v. Bentley, 49 F.4th 275, 285 (3d Cir. 2022) ("An ACCA predicate was reasonably on the menu of options if, among other things, it was mentioned as an ACCA predicate in a charging document, a plea memorandum, a pretrial notice, the PSR, sentencing filings, or during the sentencing hearing, and so could have

_____

[3] Given that Yahtues cannot meet the less arduous § 2254(d) standard, the court need not consider the interplay between § 2254(d) and the "heavy burden" of § 2254(e)(1), Etienne v. Edmark, No. 20-2067, 2023 WL 3063494, at *1 (1st Cir. Apr. 20, 2023), cert. denied, 144 S. Ct. 248, 217 L. Ed. 2d 98 (2023).

[4] It is unclear whether Yahtues intended to argue that he is raising a federal constitutional issue that the NHSC did not address, and therefore suggesting that the court should review the issue de novo. Even if the court considered Yahtues's claims under that more petitioner-friendly standard, they would still fail. Again, the basis for Yahtues's constitutional claims is unclear, and he has not pointed to any legal or factual error in the state courts.

reasonably been considered by the sentencing court."), cert. denied, 143 S. Ct. 787, 215 L. Ed. 2d 54 (2023).

Conclusion

For the foregoing reasons, the defendants' motion for summary judgment (doc. no. 17) is granted. The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
Samantha D. Elliott
United States District Judge

March 29, 2024

cc:   Malachi I. Yahtues, pro se
      Counsel of Record.